United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-50621
Summary Calendar

JERRY BRIM, MIKE PRINCE, MIKE TUTTLE,

Plaintiffs-Appellees,

versus

EXXONMOBIL PIPELINE COMPANY,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
Civil Action No. MO-05-CV-018-XR

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal arises from the district court's dismissal without prejudice of state law claims

asserted by Jerry Brim, Mike Prince, and Mike Tuttle (the "former employees") against ExxonMobil

Pipeline Co. ("ExxonMobil"). ExxonMobil appeals the dismissal without prejudice. We affirm the

district court's judgment.

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2005, the former employees filed several federal statutory and state law claims against ExxonMobil. The federal claims included alleged violations of the Age Discrimination in Employment Act (ADEA), § 510 of the Employee Retirement Income Security Act (ERISA), the Sherman Anti-Trust Act, and the Clayton Act. Under state law, the former employees alleged tortious interference with a prospective business relationship, conspiracy, "blacklisting" under TEX. LAB. CODE § 52.031, and negligence per se. On December 21, 2005, ExxonMobil filed a motion for summary judgment. The magistrate judge, in his Memorandum and Recommendation, recommended that the district court grant ExxonMobil's motion for summary judgment on the federal statutory causes of action; deny summary judgment on the state law causes of action; and grant the former employees' motion to dismiss their state law causes of action without prejudice. The district court conducted a de novo review and accepted the magistrate judge's recommendations. In this appeal, ExxonMobil contests the district court's dismissal without prejudice of the former employees' state law claims.

## II. STANDARD OF REVIEW

The district court's determination of whether to retain jurisdiction over state law claims is reviewed under an abuse of discretion standard. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998). This court affirms the district court's decision unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Walker*, 772 F.2d 1172, 1176 (5th Cir. 1985) (quoting *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954)).

2

## III.  DISCUSSION

As a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).  To make this determination, the district court should consider the statutory provisions of 28 U.S.C. § 1367(c) and the relevant factors of judicial economy, convenience, fairness, and comity.  *City of Chicago v. Int' Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *see also Batiste*, 179 F.3d at 227.

> Under § 1367(c), a district court may decline to exercise supplemental jurisdiction if
>
> (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this instance, § 1367(c)(3) clearly applies because the district court dismissed the former employees' federal statutory claims on summary judgment.  Section 1367(c)(1) also applies because the blacklisting claim, pursuant to TEX. LAB. CODE § 52.031, presents a novel issue of state law.  A violation of this provision occurs when an employer blacklists or causes to be blacklisted an employee; or (2) conspires or contrives by correspondence of any other manner to prevent an employee discharged by a corporation, company, or individual from procuring employment.  TEX. LAB. CODE § 52.031.  ExxonMobil argues that § 52.031 does not provide a private cause of action and only discharged employees may file suit under the statute.  No Texas court, however, has decided a case on this issue.  For these reasons, under § 1367(c), the district court properly exercised its discretionary authority to decline supplemental jurisdiction over the state law claims.

3

We next determine whether the factors of judicial economy, convenience, fairness, and comity weigh in favor of dismissing the former employees' state law claims. At the time of summary judgment, the parties were approximately one year into the litigation and two months remained until the trial date. Although the parties had completed some discovery, two discovery disputes, regarding a motion for protective order and motion to compel, had not been settled by the court. *Compare Parker & Parsley Petroleum Co.*, 972 F.2d at 585 (holding that the district court properly dismissed state law claims nine months into the litigation and before the completion of discovery with weeks until trial) *with Batiste*, 179 F.3d at 227 (holding that the district court abused its discretion by retaining jurisdiction over state law claims three years into the litigation and one month before trial). Moreover, the parties may use any trial preparation, legal research, and discovery in the state court proceedings. *See Parker & Parsley Petroleum Co.*, 972 F.2d at 585. Accordingly, due to the court's minimal involvement with the state law claims at this stage of the litigation, the consideration of judicial economy favors dismissing the state law claims.

The relevant factors of convenience and fairness also support dismissal of the state law claims. The former employees initially filed suit in the Western District of Texas-Midland Division, but the district court sua sponte transferred the case to the San Antonio Division. The former employees and the majority of witnesses reside in Midland, Texas. Further, the events giving rise to the litigation also occurred in Midland, Texas. The district court's dismissal permits the former employees to re-file their suit in a Midland state court without undue hardship placed upon ExxonMobil.

The final factors of federalism and comity dictate that the state law claims be dismissed without prejudice. ExxonMobil argues that the straightforward nature of the issue, although not yet decided in a Texas court, requires the district court to dispose of the state law claims on summary

judgment. *See generally Batiste* (holding that the district court abused its discretion in refusing to retain jurisdiction over the state law claims because the causes of action presented no difficult state law questions); *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001) (same). Even though application of § 52.031 may not present a complex legal issue, it certainly qualifies as a novel question of state law. At this point, ExxonMobil may file a revised version of its motion for summary judgment filed in this court on the state law claims, and the state court may rule on the issue without duplicating any legal analysis performed by the district court.

## IV. CONCLUSION

In light of § 1367(c) and the relevant factors of judicial economy, convenience, fairness, and comity, the district court did not abuse its discretion by dismissing the former employees' state law claims without prejudice. Accordingly, we affirm the district court's judgment.