ACCEPTED
01-15-00011-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/7/2015 3:32:32 PM
CHRISTOPHER A. PRINE
CLERK

Chris Daniel - District Clerk Harris County
Envelope No. 3685657
By: Phyllis Washington
Filed: 1/7/2015 3:32:32 PM

## NO. 2014-32179

| | | |
|---|---|---|
| TEXAS RIGHT TO LIFE COMMITTEE, INC. | § § § § | IN THE DISTRICT COURT |
| v. | § § | 152ND JUDICIAL DISTRICT |
| BOB DEUELL | § § | HARRIS COUNTY, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 11:22:17 AM
CHRISTOPHER A. PRINE
Clerk

---

### DEFENDANT'S NOTICE OF INTERLOCUTORY APPEAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, BOB DEUELL, and files this Notice of Interlocutory Appeal, pursuant to *Texas Rules of Appellate Procedure* Sections 26.1(b) and 28.1, from the federal court's Order remanding this matter back to State court issued on December 23, 2014. Defendant would respectfully show the Court the following:

This case was removed to Federal Court on September 25, 2014 by the Defendant on the basis of federal question was raised by the Plaintiff in its amended original petition in which it asserted a cause of action under 42 U.S.C. § 1983.

On November 5, 2014, Plaintiff filed its second amended petition dropping its claim under 42 U.S.C. § 1983 and its' Motion to Remand arguing that the Federal court no longer had jurisdiction. On December 23, 2014, Judge Miller granted Plaintiff's Motion to Remand, (attached hereto as Exhibit A is a copy of Judge Miller's *Order*)

Defendant hereby appeals this Court's jurisdiction as the issues are overruled as a matter of law. Defendant asserts that this case should have been dismissed pursuant to a motion to dismiss under the *Texas Citizen Participation Act* codified at Chapter 27 of the *Texas Civil Practice & Remedies Code*. The Court did not rule on the motion to dismiss within the time period prescribed

by Section 27.005 of the *Texas Civil Practice & Remedies Code*. Therefore, the motion is considered to have been denied by operation of law, and the moving party may appeal. See § 27.008(a) *Texas Civil Practice & Remedies Code.*

Defendant intends this Interlocutory Appeal to be accelerated in accordance with Rule 28.1 of the *Texas Rules of Appellate Procedure.*

Defendant would further show the Court that this appeal stays commencement of a trial and all other proceedings in the trial court pending resolution of the interlocutory appeal in the First Court of Appeals, Houston, Texas pursuant to Section 51.014(b), *Texas Civil Practice and Remedies Code.*

SIGNED this 7th day of January, 2015.

Respectfully submitted,

Denton Navarro Rocha Bernal Hyde & Zech, P.C.
attorneys & counselors at law • rampagelaw.com
A Professional Corporation
2500 W. William Cannon Drive, Suite 609
Austin, Texas  78745
512/279-6431
512/279-6438 (Facsimile)
**george.hyde@rampage-aus.com**
**scott.tschirhart@rampage-aus.com**

By: _____
GEORGE E. HYDE
State Bar No. 45006157
SCOTT M. TSCHIRHART
State Bar No. 24013655

*Counsel for Defendant Bob Deuell*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) as indicated, and according to the Texas Rules of Civil Procedure on the 7th day of January, 2015.

James E. "Trey" Trainor, III  
BEIRNE, MAYNARD & PARSON, L.L.P.  
401 W. 15th Street, Suite 845  
Austin, TX 78701

Electronic Notification

Joseph M. Nixon  
BEIRNE, MAYNARD & PARSON, L.L.P.  
1300 Post Oak Blvd., 25th Floor  
Houston, TX 77056-3000

Electronic Notification

_____  
GEORGE E. HYDE  
SCOTT M. TSCHIRHART

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS RIGHT TO LIFE COMMITTEE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-02754 |
| | § | |
| BOB DEUELL, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

This case was removed to federal court on September 25, 2014, on the basis of federal question jurisdiction after plaintiff amended its original petition asserting a cause of action under 42 U.S.C. § 1983.  Dkt. 1, p. 84.  Since removal, plaintiff has filed its second amended petition, dropping its claim under 42 U.S.C. § 1983.  Dkt. 11.  Plaintiff now seeks remand, arguing that this court no longer has jurisdiction because it abandoned the only federal claim asserted in the case. Dkt. 12.  Defendant opposes remand on the bases that plaintiff's motion to remand was untimely and its second amended complaint should not be considered by the court because it was not filed with consent of the defendant or with leave from the court.  Dkt. 13.  After considering the motion, response, and applicable law, the court is of the opinion that the motion to remand should be GRANTED.

The threshold issue is whether plaintiff properly filed its second amended complaint. Plaintiff correctly argues that it was permitted to file its second amended complaint as a matter of course under Federal Rule of Civil Procedure 15.  Specifically, a party is permitted to amend its pleading "once as a matter of course . . . 21 days after service of a motion under Rule 12(b)." FED. R. CIV. P. 15(a)(1)(B).  Defendant filed a Rule 12(b)(6) motion on October 15, 2014, and plaintiff



filed its second amended complaint on November 5, 2014.  Plaintiff's amendment, therefore, was timely and permitted as a matter of course without consent from defendant or leave from the court.

Since the only federal claim was eliminated from the suit, no federal question remains before the court.  However, the dismissal of the federal claim does not necessarily divest the court of supplemental jurisdiction. 28 U.S.C. § 1367; *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Parish*, 373 F. App'x 438, 441 (5th Cir. 2010) ("The subsequent dismissal of all federal claims from [plaintiff's] suit did not divest the district court of supplemental jurisdiction over the remaining state-law claims.").  But under § 1367(c)(3), the general rule in this circuit is to dismiss or remand state-law claims following dismissal of the federal claims they supplement.  *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).  The court's application of this rule is guided by four factors identified by the Supreme Court, namely judicial economy, convenience, fairness, and comity.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988).

Here, all four factors weigh heavily in favor of remand.  First, this case is in its infancy, discovery has not begun, and this court has made no rulings on defendant's motions to dismiss under Chapter 27 of the Texas Civil Practice and Remedies Code.  *Id.* at 350 ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").  Second, the convenience factor weighs in favor of remand, as there is no geographic hardship that would be imposed on the parties upon remand to the Harris County district court from which the case originated.  *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 306 (5th Cir. 2007).  Third, the fairness factor weighs in favor of remand.  Remanding the case will not present a danger of conflicting rulings or reopening matters litigated before this court because there have been no substantive rulings made by this court.  And lastly, as to the comity factor, while the court is competent to interpret Texas law, the court also

2

recognizes that principles of federalism require deference to Texas state courts to determine quintessential matters of Texas law.

Accordingly, because the *Carnegie-Mellon* factors weigh strongly in favor of remand, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claim. This action is **REMANDED** to the 152nd Judicial District Court of Harris County, Texas. Defendant's pending motions to dismiss (Dkts. 6, 16) are **DENIED AS MOOT**.

It is so **ORDERED**.

Signed at Houston, Texas on December 23, 2014.

_____
Gray H. Miller
United States District Judge